904 A.2d 720

CASINO ASSOCIATION OF NEW JERSEY, INC., A NEW JERSEY CORPORATION, BALLY'S PARK PLACE, INC. T/A BALLY'S HOTEL CASINO, BALLY'S WILD WEST CASINO AND CLARIDGE CASINO; BOARDWALK REGENCY CORPORATION T/A CAESARS ATLANTIC CITY; RIH ACQUISITIONS NJ, LLC T/A ATLANTIC CITY HILTON; TRUMP TAJ MAHAL CASINO RESORT; TRUMP MARINA ASSOCIATES, LLC T/A TRUMP MARINA HOTEL CASINO; TRUMP PLAZA ASSOCIATES, LLC T/A TRUMP PLAZA HOTEL AND CASINO; ADAMAR OF NEW JERSEY, INC. T/A TROPICANA CASINO & RESORT; MARINA ASSOCIATES T/A HARRAH'S CASINO HOTEL; ATLANTIC CITY SHOWBOAT, INC. T/A SHOWBOAT HOTEL CASINO; RESORTS INTERNATIONAL HOTEL, INC. T/A RESORTS ATLANTIC CITY; MARINA DISTRICT DEVELOPMENT COMPANY, LLC D/B/A BORGATA HOTEL CASINO & SPA; AND ACE GAMING, LLC D/B/A SANDS HOTEL AND CASINO; PLAINTIFFS-MOVANTS, v. CASINO CONTROL COMMISSION; THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY; THE NEW JERSEY DEPARTMENT OF LAW AND PUBLIC SAFETY DIVISION OF GAMING ENFORCEMENT; THE STATE OF NEW JERSEY; JON CORZINE, GOVERNOR OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

July 3, 2006.

JAMES R. ZAZZALI, Associate Justice.

The within matter having been initiated by the Casino Association of New Jersey, which filed a motion with this Court pursuant to *Rule* 2:9-8 seeking emergent relief in the form of a single-Justice order for temporary restraints and an issuance of a writ in lieu of mandamus to respondents Governor Corzine and the Casino Control Commission;

And the movants having argued that the loss or suspension of the use of a casino license for even a short period of time would inflict devastating harm on the gaming industry, the State, and its citizens and would constitute an unconstitutional taking;

And respondents having answered that relief is precluded by the separation of powers doctrine and that movants are not otherwise entitled to the relief requested;

And the Appellate Division previously having denied relief to movants pending disposition of the appeal in that court;

And the Court having carefully reviewed the submissions of the parties;

And the Court having heard oral argument today, July 3, 2006, and having given due consideration to the arguments of counsel;

And the Court being satisfied that movants have not established sufficient grounds for relief;

It is on this 3rd day of July, 2006, ORDERED that the motion for emergent relief is DENIED.